Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
Frank Howard

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANK HOWARD,** | Case No.: |
| **Plaintiff,** | **COMPLAINT** |
| vs. | **AND** |
| **WELLS FARGO,** | **JURY TRIAL REQUEST** |
| **Defendant.** | |

Plaintiff, FRANK HOWARD, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorneys, alleges against the Defendant, WELLS FARGO (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), and Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*., ("RFDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the in the City of Danville, Contra Costa County, California and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

5. Defendant is a corporation doing business in the State of California with its corporate address as 420 Montgomery Street, San Francisco, CA 94104 and is a debt collector as defined by California Civil Code §1788.2(c).

## FACTUAL STATEMENT

6. Commencing on or about March 10, 2016, Defendant began on a course of deliberate collection attempts to collect a debt allegedly owed by Plaintiff by calling Plaintiff's cell phone number (925) xxx-1094.

7. The alleged debt for which Defendant sought collection stemmed from an alleged consumer debt alleged to be due and owing to Defendant by reason of a consumer credit transaction.

8. Upon information and belief calls were made from telephone number (877) 647-8552 and telephone number (866) 614-5175, which numbers belong to Defendant.

9. When Plaintiff would answer telephone calls from Defendant, the line would ring and then be transferred to a representative from Defendant.

10. As the calls began coming with incredible frequency, Plaintiff told Defendant to "stop calling" on March 17, 2016.

11. Despite being told to stop calling Plaintiff, Defendant ignored Plaintiff's request and continued to call Plaintiff on his cell phone.

12. On April 6, 2016, Plaintiff called Defendant and once again told Defendant to "stop calling" at which time Defendant again attempted to collect an alleged debt from Plaintiff in the amount of five hundred and forty one dollars and fourteen cents ($541.14) which Plaintiff told Defendant that he did not owe.

13. Despite once again being told to "stop calling" Plaintiff, Defendant continued to ignore Plaintiff's request to stop calling him and continued to make calls to Plaintiff which calls are continuing to be made by Defendant.

14. Plaintiff has received over 93 automated calls from Defendant after telling Defendant to "stop calling" and which calls continue to be made by Defendant.

15. Plaintiff revoked any consent that may have existed to receive telephone calls from Defendant by repeatedly and consistently asking Defendant to stop calling him for an alleged debt that he believed did not exist on his account with Defendant.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227, *et seq*.

16. Plaintiff, Frank Howard repeats the allegations contained in paragraphs 1 through 15 and incorporates them as if set forth at length herein.

17. At all times relevant to this litigation, Defendant engaged in a course of deliberate collection attempts at collecting an alleged debt due and owing Defendant by Plaintiff through use of an automated dialer.

18. Defendant did not have Plaintiff's consent to make the telephone calls since Plaintiff clearly and unequivocally revoked any consent that may have existed.

19. The calls made by Defendant to Plaintiff were not made for emergency purposes.

20. Defendant's actions constitute violations of 47 U.S.C. §227(b)(1)(A)(iii) to which there is no exemption or excuse to their behavior and deliberate actions.

### COUNT II
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CALIFORNIA CIVIL CODE §1788.11(d)

21. Plaintiff repeats the allegations contained in paragraphs 1 through 20 and incorporates them as if set forth at length herein.

22. Defendant called Plaintiff a minimum of 93 times in the period of about three and a half months with such frequency as to be unreasonable and to constitute harassment or to annoy Plaintiff.

23. The constant barrage of telephone calls placed by Defendant was upsetting to Plaintiff when being told that same was unacceptable and was done to annoy and abuse Plaintiff.

24. Defendant's actions are in violation of §1788.11(d) of the California Civil Code in that violations of the Fair Debt Collections Practices Act have been committed as follows:

    a. Defendant caused a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. §1692d(5) and subsequently Cal. Civ. Code §1788.11(d).

### COUNT III
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### California Civil Code §1788.11(e)

25. Plaintiff repeats the allegations contained in paragraphs 1 through 24 and incorporates them as if set forth at length herein.

26. Defendant called Plaintiff a minimum of ninety three (93) times in the period of three and a half months in order to harass Plaintiff.

27. Defendant continuously and repeatedly called Plaintiff after being told to "stop calling" Plaintiff as often as four times (4) in one day.

28. Defendant's actions are in violation of §1788.11(e) of the California Civil Code in that violations of the Fair Debt Collection Practices Act have been committed as follows:

    a. Defendant, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt by communicating with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances in violation of 15 U.S.C. §1692(d), and subsequently Cal. Civ. Code §1788.11(e).

## **JURY TRIAL DEMAND**

29. Plaintiff demands trial by jury in this action on all issues so triable.

WHEREFORE, Plaintiff, Frank Howard, respectfully requests judgment as follows:

a. Declaring Defendant's actions to be violations and/or willful violations of The Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*.

b. Entering judgment in favor of Plaintiff Frank Howard against Defendant for actual damages, statutory damages, costs and fees under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*.

c. Declaring Defendant's actions to be violations and/or willful violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*.

d. Granting such other and further relief as may be just and proper.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That judgment be entered in favor of Plaintiff Frank Howard against Defendant for a violation of the Rosenthal Fair Debt Collection Practices Act;

b. That the Court award statutory damages to Plaintiff Frank Howard for the Rosenthal Fair Debt Collection Practices Act violations in accordance with § 1788.30(b) of the California Civil Code;

c. That the Court grant such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED

By: *Rory Leisinger*
Rory Leisinger, Esq.
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
Frank Howard

*Dated: July 15 , 2016.*